## CITY OF TEXARKANA v. FLOYD.
### No. 4300.

Court of Civil Appeals of Texas. Texarkana.
March 2, 1933.

Rehearing Denied March 16, 1933.

450

Travers Crumpton, of Texarkana, for appellant.

Wm. V. Brown, of Texarkana, for appellee.

LEVY, Justice (after stating the case as above).

The charter of the city of Texarkana expressly provides that the compensation of all elective and appointive offices must be fixed at a specified time and "shall not be increased or diminished during the term for which such officers are elected or appointed." Section 48. The restrictive provision of the charter was intended to operate as a limitation upon the power of the city council as to the time the compensation may be altered as to a present incumbent. The motion passed by the city council on September 8, 1931, was an undertaking to alter or discontinue during the appellee's term of office ending in April, 1932, the salary allowable to him as ex officio clerk of the corporation court. The motion or resolution would therefore be ineffectual to in any way change the compensation, because violative of the charter provision as respects the time when such compensation may be altered.

The principal point of the appeal, as concisely and clearly stated in appellant's brief, is: "The amount of compensation allowed to the city secretary for the performance of the duties prescribed by the city charter being limited to a maximum of twelve hundred dollars per annum, any amount paid to and received by said city secretary in excess thereof is illegal and without warrant of law." The city attorney presents the point nicely and fairly and in the commendatory purpose of finally settling by judicial construction certain charter provisions. The precise facts are that the city council by ordinance duly enacted required the city secretary to act and perform the duties of clerk of the corporation court of the city. The city council by ordinance duly passed fixed and allowed compensation to the city secretary in the sum of $1,200, payable $100 per month. The city council also by ordinance duly passed fixed and allowed compensation to the "City Secretary as Ex-Officio Clerk of the Corporation Court of the City of Texarkana" for services as ex officio clerk in

the sum of $100 per month. As to whether or not one person performing the duties of both positions may receive both salaries must depend upon the facts and upon whether authorized to do so by the charter. Under the terms of the charter the city secretary is required to perform the duties of the clerk of the corporation court for a year and to continue to perform the duties of that position in the event the city council deems it necessary and authorizes it. The duties thereof are performed for part of the time by the "recorder" or by the "city secretary" as determined by the city council. In respect to the pay the charter of the city, authorized by the Legislature, has conferred upon the city council the power to fix a salary for the purpose of compensating for the services rendered as city secretary and as ex officio clerk of the corporation court. As "said city secretary" the incumbent "shall receive a salary to be fixed by the city council, not to exceed the sum of twelve hundred dollars per annum, payable in monthly installments." And as further expressly provided, "said clerk," meaning ex officio clerk, "shall receive such salary as shall be fixed by the city council." The provisions indicate that it was intended to allow the council to provide compensation and to entitle the city secretary to collect and retain the compensation for each position, the duties of which he was required to perform. The phraseology of the legislation seems fairly to sustain that construction, putting the two provisions together, and thence derive a conclusion in regard to that meaning. Both provisions would necessarily have to be consulted in aid of the interpretation. The two provisions are not necessarily mutually opposed and incompatible. It is thought the limitation of section 125 was intended to apply only to the pay of the city secretary for services exclusive of clerk of the corporation court. It does not mean that he shall receive only $1,200 while serving as city secretary and ex officio clerk, but only as "city secretary." The Legislature would have so provided if it had intended to prohibit the allowance to the city secretary of ex officio compensation when the maximum compensation of both positions would exceed $1,200 per annum. The general state law applicable to county officials does expressly debar further allowance of ex officio compensation when the compensation allowed to the chief fixed and established office "shall reach the maximum provided for." Article 3895, R. S. Where the statute allows the additional compensation, and there is no statute debarring further allowance, the official can receive compensation for performing duties of an office to which the duties of another are attached. 43 C. J. p. 691.

The judgment is affirmed.