

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 2, 1948

Hon. Marion M. Brown, M. D., Chairman
State Board of Medical Examiners
918 Texas Bank Building
Dallas 2, Texas      Opinion No. V-493

                Re: Legality of the Secretary-
                     Treasurer of the State
                     Board of Medical Examiners
                     receiving compensation
                     both as member of the
                     Board and as Secretary-
                     Treasurer.

Dear Sir:

      We refer to your letter of recent date request-
ing an opinion from this office on the above subject,
which reads as follows:

      "In compliance with our conversation
of this date, we are submitting a formal
request for your opinion on several pro-
blems now confronting the Texas State Board
of Medical Examiners. Before submitting the
specific questions upon which we desire your
opinion, it might be well for us to briefly
give you a little history of our situation.

      "Dr. Crowe, Secretary of the State
Board of Medical Examiners for many years,
has recently passed away, and the Board
has selected Dr. H. F. Connally acting Se-
cretary until such time as a permanent
secretary may be selected. As you proba-
bly already know, Dr. Connally has been a
member of the State Board of Medical Examin-
ers for many years and has served as Chair-
man of the Reciprocity Committee.

      "For Dr. Connally's services as a mem-
ber of the State Board of Medical Examiners
and Chairman of the Reciprocity Committee,
he has participated equally with the other

members of the Board in the funds derived
from the examination and reciprocity fees
after all of said expenses have been paid.

"The Secretary of the State Board of
Medical Examiners is paid a salary out of
the doctors' annual registration fees which
are deposited to a proper account in the
State Treasury, and at no time is the sal-
ary of said secretary, or any portion there-
of, paid out of the balance of examination
fees or reciprocity fees.

"After making the foregoing statement,
we would like to propound the following
question:

"Can Dr. Connally draw a salary
as acting Secretary of the State Board
of Medical Examiners and at the same
time participate with the other mem-
bers of the Board in the funds derived
from examination fees and reciprocity
fees for services rendered in conduct-
ing examinations as a member of the
Board?

"In addition to this question, the
Board would like to know whether they have
authority to move the State offices from
their present location in the City of Dal-
las to some other city or town within the
State of Texas."

We quote the following statutory provisions:

"Article 4495. The Texas State Board
of Medical Examiners shall consist of twelve
men, learned in medicine, legal and active
practitioners in the State of Texas, who
shall have resided and practiced medicine
in this State, under a diploma from a legal
and reputable college of medicine of the
school to which said practitioner shall be-
long, for more than three years prior to
their appointment on said Board. . ."

"Article 4496. Each member of said
board shall qualify by taking the official

oath in the county of his residence. At
the first meeting of said board after each
biennial appointment, the board shall elect
a president, vice-president and secretary-
treasurer. . ."

"Article 4498a. . . . The Secretary-
Treasurer shall receive a salary to be fix-
ed by the Legislature in its General Appro-
priation Bill for the performance of such
duties under this Act, . . ."

"Article 4502. The fund realized from
the aforesaid fees shall be applied first
to the payment of necessary expenses of the
board of examiners; any remaining funds
shall be applied by the order of the board
to compensating members of the board in
proportion to their labors."

It will be noted from the foregoing statutory
provisions that the State Board of Medical Examiners con-
sists of twelve men (Art. 4495) and the Secretary-Treas-
urer is elected from its members (Art. 4496). See At-
torney General's Opinion No. O-6340. Annual registra-
tion fees collected by the State Board of Medical Examin-
ers are required to be deposited in the State Treasury
(Sec. 3 of Art. 4498a). Fees collected on reciprocal
arrangements and examination fees (Art. 4502) are not
deposited in the State Treasury. See Attorney General's
Opinion No. O-3711. Each member of the State Board of
Medical Examiners is entitled to participate in the fees
collected on reciprocal arrangements and examination
fees as compensation for services rendered as member of
the Board. The Secretary-Treasurer of the Board receives
a salary set in the General Appropriation Bill out of the
medical registration fund.

In addition to the duties performed by mem-
bers of the Board, the Legislature has placed certain
other duties on the member elected Secretary-Treasurer
and for such services has provided that he "shall re-
ceive a salary to be fixed by the Legislature in its
General Appropriation Bill." (Art. 4498a). In other
words, the Legislature has provided that the Secretary-
Treasurer shall perform certain duties in addition to
those duties imposed upon him as member of the Board,
and for performing those additional duties has allow-
ed the Secretary-Treasurer additional compensation.

An officer is not entitled to additional compensation for additional work unless provision is made for the payment of additional compensation. Burke v. Bexar County, 271 S. W. 132, error refused; McLennan County v. Boggess, 104 Tex. 311, 137 S. W. 346, but "where a statute allows the additional compensation, and there is no statute debarring further allowance, the official can receive compensation for performing duties of an office to which the duties of another are attached." City of Texarkana v. Floyd, 59 S. W. (2d) 449; 43 Corpus Jur. p. 691. Dr. Connally does not hold two offices or positions within the meaning of Sections 33 or 40 of Article XVI of the Texas Constitution. He holds one position (Board Member) with additional duties to that same office (Secretary-Treasurer). Jones v. Alexander, 122 Tex. 328, 59 S. W. (2d) 1080.

Since Dr. Connally is Acting Secretary-Treasurer of the Board, and in view of the statutory provision allowing the Secretary-Treasurer additional compensation for services rendered as Secretary-Treasurer, it is our opinion that Dr. Connally is entitled, for the period which he serves as Secretary-Treasurer, to the salary provided in the General Appropriation Bill, p. 886, Acts 50th Legislature, 1947, in addition to the compensation allowed under Article 4502, V. C. S., as member of the State Board of Medical Examiners.

In answer to your second question, we know of no provision fixing the location of the offices of the State Board of Medical Examiners. In the absence of statutory provisions fixing the location of the offices of the Board, it is our opinion that the State Board of Medical Examiners may move their offices to any city or town in Texas.

## SUMMARY

(1) The Secretary-Treasurer of the Board of Medical Examiners, being a member of the Board, is entitled not only to participate in the compensation provided Board members under Article 4502, V. C. S., but also to receive the salary of the Secretary-Treasurer authorized by Article 4498a, V. C. S., as fixed by the Legislature in the General Appropriation Bill.

(2)  The State Board of Medical Examiners has the authority to move its offices from their present location to any other city or town in Texas.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By John Reeves
John Reeves
Assistant

JR:mw

APPROVED:

Price Daniel
ATTORNEY GENERAL